# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| RYAN HALLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05 C 50044 |
| vs. ) | |
| ) | Magistrate Judge |
| VILLAGE OF RICHMOND, *et al.*, ) | P. Michael Mahoney |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Stay Subpoena by a non-party to this lawsuit, Special Agent William Kroncke ("Kroncke") of the Illinois State Police ("ISP"). Oral arguments were heard on July 19, 2006. Written Responses to the Motion to Stay were invited, but declined. For the reasons stated below, Agent Kroncke's Motion is denied.

**I.   History**

This case was filed on March 14, 2005 by Ryan Hallett ("Plaintiff") against Defendants Village of Richmond, Officer Quilici, the Village of Spring Grove, Officer Pilati, Officer Volstad, Jessica Thelen, Chief Regnier, Officer Alba, the Village of Fox Lake, Chief Gerretsen, Commander Norris, and Officer Dervi pursuant to 42 U.S.C. § 1983. Plaintiff's Second Amended Complaint alleges excessive force, assault and battery, *Monell* liability, failure to intervene, false arrest/unlawful detention, false arrest/false imprisonment, conspiracy, negligent hiring and supervision, denial of medical attention, spoliation, and respondeat superior/indemnification liability.

According to the Amended Complaint, Plaintiff stopped at a tavern in McHenry County

1

on February 20, 2005. (Complaint, at para. 6). He allegedly observed Officers Quilici, Pilati, Volstad, and Thelen appearing intoxicated and in a dispute with his co-worker. (*Id*. at para 7). Plaintiff alleges that he attempted to leave the tavern after his co-worker left, but he was grabbed and handcuffed by Quilici, Pilati, Volstad, and Thelen. (*Id*. at para. 10-11). Plaintiff alleges that he was handcuffed and beaten by Quilici, Pilati, Volstad, and Thelen and left face down in mud. (*Id*. at 12, 14). Eventually, Plaintiff alleges, he was dragged back to the tavern while Quilici, Pilati, Volstad, and Thelen waited for back-up from local police. (*Id*. at 14). When Officers DeServi and Alba arrived, they allegedly destroyed evidence to cover-up Quilici, Pilati, Volstad, and Thelen's actions. (*Id*. at para. 18). Plaintiff alleges that a sham investigation by Fox Lake Police Officers led to Quilici, Pilati, Volstad, and Thelen being falsely absolved. (*Id*. at para. 22). Plaintiff also alleges that after he filed this civil lawsuit, Fox Lake Police Officers attempted to lodge criminal charges against him, but the McHenry County State's Attorney instead announced the indictment of Quilici, Pilati, Volstad, and Thelen on thirty-one felony counts. (*Id*. at para. 24, 27). Four of the defendants in this case, Quilici, Pilati, Volstad, and Thelen, are in fact also defendants in pending criminal actions based on the same incident underlying this civil lawsuit.

The parties in this case are nearing completion of fact discovery, which is set to close September 29, 2006. Dispositive motions are due October 31, 2006. Counsel represented at the most recent discovery hearing that several depositions must go forward before discovery can be completed. One such deposition is the deposition of Special Agent Kroncke, who apparently investigated the charges that led to the indictments of Quilici, Pilati, Volstad, and Thelen. (Kroncke's Mtn., at 1-2). Jessica Thelen, Defendant in both this civil case and her own criminal

2

case, had a subpoena for deposition issued to Agent Kroncke on May 22, 2006. (Krocke's Mtn., at Ex. A). The deposition was originally set for June 16, 2006, but did not go forward. Counsels apparently mutually re-scheduled the deposition for a time convenient for all and set Kroncke's deposition for August 1, 2006.

Agent Kroncke and the ISP now move this court to delay Kroncke's deposition further by issuing a stay of the subpoena for deposition until the completion of the upcoming criminal trials, which all have trial dates scheduled in August and September 2006. Thelen's criminal trial is scheduled for September 25, 2006. (Kroncke's Mtn., at 2). Agent Kroncke testified previously in grand jury proceedings and he will testify at the upcoming criminal trials, including Thelen's trial. Kroncke requests a stay of his deposition for approximately three months in order to allow for the completion of his testimony in the criminal proceedings.

## II.     Analysis

Kroncke asserts two bases of authority for this court to issue a stay of the subpoena for deposition in this case: (1) the law enforcement investigative privilege and (2) the court's discretion to defer civil proceedings pending completion of parallel criminal prosecutions. The court will consider each theory in turn below.

### A.     The Law Enforcement Investigative Privilege

Kroncke and the ISP have only tentatively asserted the law enforcement investigative privilege in this case, merely asserting that courts have previously prevented discovery while criminal proceedings are pending based on the law enforcement investigative privilege, and further asserting that Kroncke can submit to deposition without a lengthy delay because Quilici, Pilati, Volstad, and Thelen's criminal trials will likely be completed by October 2006.

3

(Kroncke's Mtn., at 3-4).

The party claiming the law enforcement investigative privilege bears the burden of justifying the application of the privilege. *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997). To even assert the law enforcement investigative privilege, a "responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981); *see also Holten v. City of Genoa*, No. 02 C 50201, 2003 WL 22118941, at *2 (N.D. Ill. Sept. 12, 2003). If properly asserted, the court must balance the asserting party's need for secrecy against the opposing party's need for access to the information.[1] *Kampinen v. Individuals of Chicago Police Dept.*, No. 00 C 5867, 2002 WL 238443, at *4 (N.D. Ill. Feb. 19, 2002); *see also Holten v. City of Genoa*, No. 02 C 50201 (N.D. Ill. June 6, 2006).

In this case, Kroncke and the ISP have failed to provide the court sufficient information to determine if the law enforcement investigative privilege has been properly asserted. They have further failed to explain with particularity the reasons that the information sought through

---

[1] The factors to be considered when balancing the law enforcement privilege include: (1) whether disclosure will thwart governmental process by discouraging citizens from giving the government information; (2) the impact on persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and improvement will be chilled; (4) whether the information is factual or evaluative; (5) whether the party seeking discovery is an actual or potential defendant in any criminal preceding pending or likely to follow; (6) whether the police investigation has been completed; (7) whether any inter-department proceedings have or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery; and (10) the importance of the information sought to the plaintiff's case. *Kampinen v. Individuals of Chicago Police Dept*., No. 00 C 5867, 2002 WL 238443, at *4 (N.D. Ill. Feb. 19, 2002)(quoting *Friedman v. Bache Halsey Stuart Shields Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984)).

Defendant Thelen's subpoena of deposition is privileged, so that the court could proceed with more than a superficial analysis of the *Kampinen* factors. As such, the court finds no justification for application of the law enforcement investigative privilege and turns to Agent Kroncke's second asserted basis for entry of a stay.

      B.      **Discretion to Defer Civil Proceedings**

In this case, Agent Kroncke and the ISP assert that Defendant Thelen is attempting to use discovery in this civil proceeding to circumvent the more limited scope of discovery in her criminal proceedings. In support, it is noted that a three month delay would not prejudice Defendant while proceeding with Agent Kroncke's deposition undermines his interest in "insuring the success of the criminal proceeding." (Kroncke's Mtn., at 5-6). Kroncke and ISP appear to be particularly perturbed because the prosecuting State's Attorney would not be present to defend or question Kroncke at the deposition. (Kroncke's Mtn., at 5).

"The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceeding," but a court "may use its discretion to determine whether to stay civil proceedings when the interests of justice require such action." *Benevolence Int'l Foundation, Inc. v. Ashcroft*, 200 F.Supp.2d 935, 938 (N.D. Ill. 2002)(citations omitted). "Such a stay contemplates 'special circumstances' and the need to avoid substantial and irreparable prejudice." *Id*. For example, courts "should not permit a defendant in a criminal case to use liberal civil discovery procedures to gather evidence to which he might not be entitled under the more restrictive criminal rules." *Id*. at 939. In deciding whether to stay civil proceedings, the court must balance the right to prepare a case promptly against the public interest in withholding full disclosure. *Id*. at 938. Courts consider a variety of factors in making this determination,

including:

> (a) the interest of the [party opposing the stay] in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the [opposing party] of a delay;
>
> (b) the burden which any particular aspect of the proceedings may impose on the [party seeking the stay];
>
> (c) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
>
> (d) the interests of persons not parties to the civil litigation; and
>
> (e) the interest of the public in pending civil and criminal litigation.

*Id.*; *see also Nowaczyk v. Matingas*, 146 F.R.D. 169, 174 (N.D. Ill. 1993). Looking to see where the scales of justice tip in this case, the court turns to its analysis of the above five factors.

**1. Interests of Party Opposing Stay**

The court must first consider the interests of the party issuing the subpoena for deposition in proceeding expeditiously with the litigation.[2] Initially, the court notes that it has been presented with no evidence that defense counsels' interest in proceeding with Agent Kroncke's deposition on August 1 is improper. The incident underlying this lawsuit occurred almost a year and a half ago, and the deposition is set near the close of discovery in the civil case. Because the dates of Kroncke's deposition[3] correspond with the court's original close of fact discovery, it appears that defense counsel were attempting to comply with the court's case management order deadlines rather than using the civil case as vehicle for criminal discovery. In addition, it is not suspicious that Thelen subpoenaed Kroncke, as all parties agree that Agent Kroncke must be

---

[2]As a practical matter, Defendant Thelen is not the only party opposing Kroncke's Motion. Several defense counsels voiced concern with moving the August 1 deposition of Kroncke.

[3]The deposition was originally set for June 16, 2006 and was mutually moved to August 1, 2006.

deposed in this case; it is just a matter of when the deposition should occur.

On the other hand, a three-month delay is not unreasonable. Thelen's right to conduct discovery to prepare her defense in her civil case would not be prejudiced because the court can extend fact discovery and other deadlines to allow for Kroncke's deposition. While the court recognizes that issuing a stay foils the apparent Herculean efforts that went into scheduling the August 1 deposition, scheduling difficulties are common in civil cases and cannot be a determining factor in deciding whether the interests of justice favor a stay of Kroncke's subpoena for deposition.

Another complicating factor disturbs the balancing scale in this case because the criminal trials of Quilici, Pilati, Volstad, and Thelen may not conclude by October 2006. Although Kroncke and the ISP only move for a three-month continuance at this time, they have not made and cannot make, any guarantee that the related criminal prosecutions will proceed as scheduled. In the court's experience, criminal trials in state court often do not proceed on schedule. As noted by this court before, it cannot wait forever for a criminal prosecution to be completed before proceeding with civil discovery. *See Holten v. City of Genoa*, No. 02 C 50201 (N.D. Ill. June 6, 2006). The court could issue a stay for ninety days and not allow an extension, but for what purpose?

**2. Burden on the Party Seeking a Stay**

Turning to Kroncke's and the ISP's burden if no stay is issued, there is no doubt that Defendants are entitled to greater discovery under Federal Rule of Civil Procedure 26 than under the corresponding rules for discovery in state criminal proceedings. Because the discovery mechanism employed by Thelen is a deposition, as opposed to compelling a report that the court

7

can review *in camera*, this court does not know in advance if Thelen's added freedom under the civil rules will translate into a burden on Kroncke and the ISP. Federal Rule of Civil Procedure 26(c) is in place to limit burden on the person from whom discovery is sought. Further, Kroncke and ISP have presented no evidence that allowing Kroncke's deposition to go forward on August 1 would compromise an ongoing investigation or prosecution. In fact, there has been no representation that an investigation even continues. Thus, at this point in the analysis the court can find only a little burden on Defendants by issuance of the stay, and no burden on Kroncke and ISP by denying their Motion.

### 3. Convenience of the Court

At this juncture, staying Kroncke's deposition might slightly adversely affect the court's case management. Fact discovery does not close until September 29, 2006. A limited extension of that date could be granted to account for Agent Kroncke's deposition. Likewise, the court has not been shown that resolution of the related criminal cases will result in removing the need for Kroncke's deposition or otherwise circumvent duplicative efforts in the parallel civil and criminal cases.

### 4. Interests of Third Parties

In this case, ISP and Kroncke are third parties and the moving parties. Their interests were discussed above in section two. There has been no assertion of a burden by any other third parties.

**5. Interests of the Public**

Kroncke and ISP assert that a stay of Kroncke's deposition is in the interest of the public because a delay insures the success of the criminal proceedings and prohibits a defendant from using liberal civil discovery to circumvent the more limited scope of discovery in criminal proceedings. However, as noted above, the court has seen no evidence that Defendants are using civil discovery inappropriately and no evidence that Kroncke's deposition will compromise the pending criminals prosecutions of Quilici, Pilati, Volstad, and Thelen. Again, Federal Rule of Civil Procedure 26(c) is in place to protect the interests of the person from whom discovery is sought.

All factors being considered, this court is left with deciding whether defense counsels should have to rearrange their schedules again to take Kroncke's deposition because Kroncke and the ISP could be correct that Defendants are attempting to use liberal civil discovery to circumvent the rules of criminal procedure. While this court is not insensitive to Kroncke's position, this court finds that Kroncke, as the moving party, has failed to set forth adequate evidence of the existence of "special circumstances" or a "need to avoid substantial and irreparable prejudice." *Benevolence Int'l Foundation, Inc. v. Ashcroft*, 200 F.Supp.2d 935, 938 (N.D. Ill. 2002)(citations omitted). Accordingly, Agent Kroncke's Motion to Stay is denied.

**III.  Conclusion**

For the foregoing reasons, Agent Kroncke's Motion to Stay Subpoena is denied.

**ENTER:**

**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

**DATE: July 25, 2006**