05 C 50044

# F I L E D

JUN 0 9 2009

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT.**

Instructions Given to the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case Defendant Quilici is an individual, Defendant Village of Richmond is a municipality and Plaintiff Ryan Hallett is an individual. All parties are equal before the law. Defendants and Plaintiff are entitled to the same fair consideration.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

If I have instructed you that I admitted certain evidence for a limited purpose, then you must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider the statements given by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and materials mentioned during this trial.

Certain demonstrative exhibits have been shown to you.  Those exhibits are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Plaintiff brings a claim against Defendant Quilici for the use of excessive force. To establish a claim for excessive force, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant Quilici used unreasonable force against Plaintiff;

2. Because of the Defendant's unreasonable force, Plaintiff was harmed; and

3. Defendant Quilici was acting under color of law.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff and against Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the use of force, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. An officer is not required to use all practical alternatives to avoid a situation where deadly force is justified.

Plaintiff brings a claim against Defendant Quilici for failure to intervene.  To succeed on that claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.   Another person used excessive force against Plaintiff;

2.   Defendant Quilici knew that the use of excessive force was about to occur;

3.   Defendant Quilici had a realistic opportunity to do something to prevent harm from occurring;

4.   Defendant Quilici failed to take reasonable steps to prevent harm from occurring;

5.   That Defendant Quilici's failure to act caused Plaintiff to suffer harm; and

6.   Defendant Quilici acted under color of law.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.  If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Plaintiff brings a claim against Defendant Quilici for failure to provide him with medical attention. To succeed on that claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    Plaintiff had a serious medical need;

2.    Defendant Quilici's response to Plaintiff's need was objectively unreasonable; and

3.    Defendant Quilici's conduct caused harm.

If you find that Plaintiff has proved each of these things by a preponderance, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

- the severity of the condition;

- the harm, including pain and suffering, that could result from a lack of medical care;

- whether providing treatment was feasible; and

- the actual harm caused by the lack of medical care.

When I use the term "objectively unreasonable," I mean that a Defendant knew of the need for medical attention and that a Defendant consciously disregarded that need by failing to take reasonable measures to deal with it.

Plaintiff claims that Defendant Quilici committed an assault against him. To succeed on this claim, Plaintiff must prove that Defendant Quilici intentionally and without lawful authority engaged in conduct which placed the Plaintiff in reasonable apprehension of receiving physical contact of an insulting or provoking nature.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the Plaintiff and against the Defendant, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages for this claim.

Plaintiff claims that Defendant Quilici committed a battery against him. To succeed on this claim, Plaintiff must prove that Defendant Quilici intentionally and without lawful authority made physical contact of an insulting or provoking nature with him.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the Plaintiff and against the Defendant, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages for this claim.

One of the questions for you to determine is whether or not Brian Quilici was acting within the scope of his authority as a Richmond police officer.

An agent is acting within the scope of his authority if he is engaged in the transaction of business which has been assigned to him by his principal, or if he is doing anything which may reasonably be said to have been contemplated as a part of his employment. It is not necessary that an act or failure to act be expressly authorized by Richmond. An act of an employee may be within the scope of authority even if it is expressly forbidden by the employer and even if it is a criminal act as long as it has some connection with the conduct that the employee is required to perform.

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and/or is reasonably certain to sustain in the future as a direct result of the excessive force, failure to intervene, denial of medical attention, assault, or battery. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.      The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received.

2.      The wages that Plaintiff has lost because of his inability to work.

3.      The physical and mental/emotional pain and suffering and disability that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

Defendant Village of Richmond is sued as the principal and Defendant Quilici as its agent.

If you find that Defendant Quilici was acting within the scope of his authority at the time of the occurrence, and if you find Defendant Quilici liable, then both Defendant Quilici and the Defendant Village of Richmond are liable.

If you find that Defendant Quilici is not liable, then neither defendant is liable.

If you find that Defendant Quilici is liable, but was not acting within the scope of his authority at the time of the occurrence, then Defendant Village of Richmond is not liable.

Plaintiff brings the following claims:

First, Plaintiff alleges that Defendant Quilici used excessive force against him.

Second, Plaintiff alleges that Defendant Quilici had an opportunity to intervene to prevent others from using excessive force against Plaintiff, but Quilici failed to do so.

Third, Plaintiff alleges that Defendant Quilici unlawfully battered him.

Fourth, Plaintiff alleges that Defendants Quilici unlawfully assaulted him.

Fifth, Plaintiff alleges that Defendant Quilici failed to provide him with medical care.

Sixth, Plaintiff alleges that Defendant Village of Richmond is liable for the wrongdoing of Defendant Quilici.

Defendants deny any wrongdoing. Defendant Village of Richmond further denies that it is responsible for the wrongdoing of Defendant Quilici.

Refused or Withdrawn Jury Instructions

## SCOPE

If you find for Plaintiff Hallett on any of his claims against Defendant Quilici, you also will be asked to answer the separate question of whether Defendant Quilici was acting within the scope of his authority. While you are required to answer this question, your answer should have no bearing on the issues of liability and damages that you must decide.

An employee is acting within the scope of his employment if (a) it is of the kind that he is employed to perform; (b) it occurs substantially within the authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the master. It is not necessary that an act be expressly authorized by the employer. An act of an employee may be within the scope of employment even if it is expressly forbidden by the employer and even if it is a criminal act as long as it has some connection with the conduct that the employee is required to perform.

**Plaintiff's Proposed Jury Instruction No. 22**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

_Source: Bagent v. Blessing Care Corp._, 224 Ill.2d 154, 165 (2007) (citing Restatement (Second) of Agency § 228 (1958)); _Wright v. City of Danville_, 174 Ill.2d 391, 405 (1996); modification of IPI 50.06 (on agency).

## DAMAGES: GENERAL

If you find that the Plaintiff has proved any of his claims, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 23**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

_Source: Seventh Circuit Pattern Jury Instruction 3.09_

## INDEMNIFICATION

If you find that Defendant Quilici was acting within the scope of his employment during his encounter with Plaintiff, then the Village of Richmond is required to indemnify him for any judgment entered against him based on that encounter.

**Plaintiff's Proposed Jury Instruction No. 26**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source*: 745 ILCS 10/2-302

# 5ᵀᴴ AMENDMENT - ADVERSE INFERENCE INSTRUCTION

You have heard testimony that a witness refused to answer questions regarding this case in prior testimony under oath. You may, but are not required to, assume that if the witness had given truthful answers to those questions, the answers would have subjected the witness to criminal liability.

**Plaintiff's Proposed Jury Instruction No. 32**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source*: In re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 663 (7th Cir. 2002).

## CONVICTIONS - *PRIMA FACIE* EVIDENCE

Evidence of Defendant Quilici's prior convictions are evidence, which, unless rebutted, is

sufficient to prove the set of facts upon which the convictions were based.

**Plaintiff's Proposed Jury Instruction No. 28**

_____ Given

_____ Rejected

_____Withdrawn

_____ Objected to

*Source: Calusinksi v. Kruger*, 24 F.3d 931, 934 (7th Cir. 1994); *Brown v. Green*, 738 F.2d 202, 206 (7th Cir. 1984); *Saunders v. City of Chicago*, 320 F.Supp.2d 735, 738 (N.D. Ill. 2004); *French v. Amsleep, Inc.*, 2003 WL 120859, at *2 (N.D. Ill. 2003).

One of the questions for you to determine is whether or not Brian Quilici was acting within the scope of his authority.

An agent is acting within the scope of his authority if he is engaged in the transaction of business which has been assigned to him by his principal, or if he is doing anything which may reasonably be said to have been contemplated as a part of his employment. It is not necessary that an act or failure to act must have been expressly authorized by the Village of Richmond.

Richmond's Instruction No. 6

Given _____ yes        _____ no

I.P.I.  50.06

## VERDICT FORM A

As to claims that defendant, Brian Quilici used excessive force, we, the jury, find for Ryan Hallett and against Brian Quilici and further find that Brian Quilici used unreasonable force against Plaintiff; because of the Brian Quilici's unreasonable force, Ryan Hallett was harmed; and Brian Quilici was acting under color of law.

Yes____          No____

As to claims that defendant, Brian Quilici assaulted and battered Ryan Hallett, we, the jury, find for Ryan Hallett and against Brian Quilici and further find that Brian Quilici's assault and battery of Ryan Hallett were a proximate cause of Ryan Hallett's injuries.

Yes____          No____

Having found that Brian Quilici did assault and batter Ryan Hallett, we, the jury, further find that Brian Quilici was acting within the scope of his agency as an employee of defendant, the Village of Richmond.

Yes____          No____

We find the amount of damages suffered by Ryan Hallett as a result Brian Quilici's excessive use of force and/or assault and battery and in the form of the reasonable value of medical care and supplies that Ryan Hallett reasonably needed and actually received; the wages, salary, profits, earning capacity that Ryan Hallett has lost because of his inability or diminished ability to work; and the physical and mental or emotional pain and suffering that Ryan Hallett has experienced, itemized as follows:

      a)  Lost wages and earnings $_____;

      b)  Medical expenses $_____; and

      c)  Pain and suffering. $_____;

and therefore award Ryan Hallett the total amount of $_____.

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____            _____
Foreperson                                         Juror

_____            _____
Juror                                                Juror

_____            _____
Juror                                                Juror

_____            _____
Juror                                                Juror

_____
Juror

## VERDICT FORM B

We, the jury, find for the Brian Quilici and against Ryan Hallett and, therefore, have no occasion to consider whether Brian Quilici was acting under color of law or within the scope of his agency as an employee of the Village of Richmond.

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____

Foreperson                                             Juror

_____

Juror                                                 Juror

_____

Juror                                                 Juror

_____

Juror                                                 Juror

_____

Juror